# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>ISRAEL SANCHEZ FLOREZ,<br><br>    Defendant. | CASE NO. 11cr1156-IEG<br>(related to 11cv1692)<br><br>Order Denying Motion for<br>Reduction of Sentence under<br>28 U.S.C. § 2255 |

Defendant Israel Sanchez Florez moves the Court for an order reducing his time in custody under 28 U.S.C. § 2255. Upon review, for the reasons explained herein, the Court finds the motion "conclusively show[s] that the prisoner is entitled to no relief ...." 28 U.S.C. § 2255(b). Therefore, the Court DENIES Defendant's motion without further briefing.

## *Background*

On May 12, 2011, Defendant pleaded guilty to Counts one and two of the Superseding Information, charging him with illegal entry in violation of 8 U.S.C. § 1325. Defendant was sentenced to 6 months as to count one, and 24 months as to count two, to run consecutively. Judgment was entered on July 20, 2011, and Defendant timely filed the current motion.

In his motion, Defendant seeks a sentence reduction based upon the fact he cannot be housed in a minimum security facility or Community Correctional Center due to his deported alien status. Defendant argues the different treatment of aliens vis-a-vis United States citizens violates

due process and equal protection.

### *Discussion*

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court "to vacate, set aside, or correct the sentence" on the grounds that such sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." Defendant's claim for relief fails for two reasons. First, Defendant explicitly waived his right to appeal or collaterally attack his sentence. The plea agreement provides in paragraph 11 as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing . . . .

Generally, a defendant's waiver of the right to appeal or collaterally challenge his sentence is enforceable so long as the language of the waiver encompasses the grounds asserted by the defendant and the waiver was entered knowingly and voluntarily. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

The broad waiver contained in the plea agreement effectively encompasses the claims Defendant now seeks to assert. The agreement waives "to the full extent of the law" the "right to ... collaterally attack the conviction and sentence ... unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government." The plea agreement jointly recommended a sentence of 30 months, and the Court followed that recommendation. The unambiguous waiver of the plea agreement, therefore, bars Defendant from collaterally attacking his sentence.

In addition, Defendant's waiver was knowing and voluntary. To determine whether the Defendant's waiver was knowing and voluntary, the court looks to the circumstances surrounding the signing and entry of the plea agreement. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). Here, Defendant entered into the plea agreement with the advice and consent of his counsel. [Doc. 15, p. 4.] Defendant certified he had read the agreement, or it had been read to him

1  in his native language, he had discussed the terms with his counsel, and he fully understood its
2  meaning and effect.  [Id.]  Defendant does not suggest his waiver was anything other than knowing
3  and voluntary.
4    Finally, even if Defendant did not waive his right to collaterally attack his sentence, his
5  claim lacks legal merit.  The Ninth Circuit has found that the Bureau of Prison's rules, barring
6  aliens from benefitting from programs of the type cited by Defendant, do not violate equal
7  protection or implicate due process.  McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).
8  Defendant would not be entitled to relief on the merits of his claim even in the absence of his
9  waiver.

### *Conclusion*

11  For the reasons set forth herein, Defendant's motion for reduction of his sentence is
12  DENIED.
13  **IT IS SO ORDERED**.
14  **DATED:  August 9, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**